NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-CV-074-KKC

JAMES H. LARSON                                                                                    PLAINTIFF

VS:                         **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                                                               DEFENDANT

\*\*\*\*   \*\*\*\*   \*\*\*\*

James H. Larson, an individual currently incarcerated in the Federal Medical Center, in Lexington, Kentucky has initiated the instant *pro se* civil rights action pursuant to 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 430 U.S. 388 (1971). He has been granted permission to proceed *in forma pauperis* in a separate Order.     The Complaint and a later-filed supplemental document, which the Court construes as an amendment to the Complaint and a Motion for a Temporary Restraining Order ("TRO"), are now before the Court for screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

In screening, as always for submissions by *pro se* litigants, the Complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in Plaintiff's Complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

## CLAIMS

Plaintiff claims that the Bureau of Prisons ("BOP") is (1) refusing to timely correct a severe

hernia, which the Court construes as an Eighth Amendment medical care claim; and (2) planning to release him with $25.00 despite being authorized to release him with up to $500.00.

## FACTUAL ALLEGATIONS

Plaintiff's factual allegations are made in an initial letter which the Court has since determined to be intended to constitute a Complaint and in a later-filed construed Amendment/Motion for TRO. [Record Nos. 2, 4.]

Plaintiff alleges that in 2002, while incarcerated at a Kentucky prison, he developed a hernia, which he did not notice until December of that year, when he entered the Federal Correctional Institution ("FCI"), in Manchester, Kentucky. Purportedly in the years since then, " a simple hernia has progressed to a huge opening that has allowed my intestine to slide into my scrotum, causing a huge ball about the size of a grapefruit to reside between my legs at all times."

According to Plaintiff, on October 30, 2008, he was transferred to his current location, the Federal Medical Center ("FMC")-Lexington, with the express purpose "to have [the] hernia repaired before being reparoled on April 7, 2009." However, despite several recommendations for him to have a surgical repair, by both medical personnel within the institution and a contract doctor from outside the prison, the institutional "Utilization Committee" has purportedly refused to authorize the expenditure.

With his reparole date quickly approaching and still no corrective surgery, Plaintiff contends that he pursued the matter through the BOP's administrative remedy program, Administrative Remedy No. 517609, with conflicting responses. Attached documents exchanged in that process show that the FMC warden responded as follows:

> . . . [Y]ou have an uncomplicated inguinal hernia which has been present for at least five years. An uncomplicated hernia repair is considered an elective procedure and as such will be scheduled only when the other higher priority obligations have been adequately addressed. We will continue to schedule these surgeries as resources permit. If you are released without surgery, then you will have to make your own decision about treatment.

Record No. 4, Exhibit [hereinafter "Ex."] 2D, dated January 5, 2009.

Plaintiff appealed the warden's response, and as of the date of his Amendment/TRO Motion, he had received the March 5, 2009, response from the BOP's Regional Director, which is quite different. In it, Larson was told that a specialist had recommended surgical repair. "This procedure is currently scheduled and is pending. Due to security requirements you will not be informed of the specific date of this procedure." *Id.*, Ex. 2. Anderson states that he has filed an appeal to the BOP National Office, the final step in the administrative process, but "with only twenty-one (21) days to go" until his release, he has not yet received a response – nor the promised surgery.

Petitioner has other complaints regarding the conditions which will be imposed upon his release on April 7, 2009. He states that on that date he "will be released to the Community Corrections Center ["CCC"] run by Dismas Charities, in Louisville," Kentucky, to be under the supervision of a Probation Officer for four months. If the surgery is delayed to that period of time, his opportunities to get a job, earn money, and otherwise fulfill his obligations at the CCC would be impaired.

Plaintiff's final claim is related to his finances upon entry into the CCC. He has to sign a contract to be responsible for his medical costs there, but he has no family or resources that will enable him to pay for a surgery on his own during that period. He further contends that the "release gratuity" which he is scheduled to receive is for only $25.00, an insufficient sum to help him get clothes, activate his driver's license and get re-started in the community. Exhibits show that he has started the administrative process to obtain an amount up to the maximum purportedly allowed under the relevant program statement, $500.00. He did not begin this effort until February of 2009, Administrative Remedy No. 527113, and it is now evidently pending at the office of the BOP's Regional Director, the third step in the BOP's 4-tiered administrative appeal process. Ex. 4.

Accordingly, with time running out, Larson asks that the Court order the BOP to arrange the

3

surgery; to provide him with $500 on April 7, 2009; and to award him $300,000.00 for his pain and suffering since his arrival at the FMC, on October 30, 2008.

## DISCUSSION

To state a claim that is cognizable as an action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), a plaintiff must plead two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of federal law. *Id.* at 397.

While the instant Plaintiff's *pro se* pleadings suffer deficiencies in form and in identifying the relevant parties, nonetheless, he may have stated a Constitutional claim about his medical care and/or a federal claim that he has been denied an amount of money upon release to which he is entitled, in contravention of government policy. Accordingly, the Court will issue summons for the United States to respond to Larson's claims.

As to the proper party for the purpose of responding to the Complaint, the only culpable BOP staff about whom the Plaintiff complains are members of the FMC-Lexington "Utilization Committee." However, they are not identified by name. A plaintiff must ordinarily state the name of a wrong-doer as a defendant and allege that each defendant personally participated in the acts which violated his rights, as a *Bivens* defendant can only be held liable if he or she acted knowingly and participated in the unconstitutional conduct. *Monell v. Dep't of Social Serv.*, 436 U.S. 658 (1978); *Sebastian v. United States*, 531 F.2d 900 (8th Cir. 1976), *cert. denied*, 429 U.S. 856 (1976). Defendants without personal involvement or participation in the unconstitutional acts must be dismissed. *Rizzo v. Goode*, 423 U.S. 362 (1976).

At this time, the members of the "Utilization Committee" at FMC-Lexington are unknown and essentially "John Doe" Defendants. Accordingly, the Plaintiff is advised of the following provision in

4

the Federal Rules of Civil Procedure:

> Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed.R.Civ.P. 4(m)(2007). Plaintiff is hereby on notice that if any John Doe defendants are not named and served within 120 days, then the claims against said John Doe defendants shall be dismissed pursuant to the terms of Federal Rule of Civil Procedure 4(m).

Finally, to the extent that Plaintiff seeks a TRO, he is informed that under Fed. R. Civ. P. 65(b), temporary restraining orders may be granted only if it clearly appears from specific facts shown by affidavit or by verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition. There is no affidavit or verified complaint which accompanies the Plaintiff's Motion for Temporary Restraining Order, nor any reason given for why this Court would dispense with the notice requirement so that the Defendants herein have an opportunity to be heard.

## CONCLUSION

Accordingly, the Court will direct that summons issue. As Larson has been granted *pauper* status, an Officer of the Court will serve process on his behalf pursuant to FED. R. CIV. P. 4(c)(2) and 28 U.S.C. § 1915(d). The Clerk's Office and the Office of the United States Marshal ("USM Office") will be directed to serve the summons and Complaint as set forth below.

Accordingly, it is **ORDERED** as follows:

1. The Plaintiff's Motion for a Temporary Restraining Order [Record No. 4] is **DENIED** without prejudice to his bringing another such Motion at a later time.

2.   A Deputy Clerk of the Court shall prepare the documents necessary for service of process upon the following Defendants:

   a.   The United States of America; and

   b.   The FMC-Lexington Utilization Committee.

3.   For each Defendant, the Deputy Clerk in Lexington shall prepare a "Service Packet" consisting of the following documents:

   a.   the necessary completed summons forms, pursuant to FED. R. CIV. P. 4;

   b.   the Complaint and its construed Amendment, with all attachments [Record Nos. 2, 4];

   c.   the Payment Order granting Plaintiff *in forma pauperis* status;

   d.   this Order; and

   e.   a completed USM Form 285.

If the Clerk is unable to fully and accurately complete any of the documents described above, the Clerk shall set forth the reason in a docket entry.

4.   Service of process shall be directed as follows:

   a.   Service upon the United States of America shall be made by sending a Service Packet by certified or registered mail to:
      i.   the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky; and
      ii.  the Office of the Attorney General of the United States in Washington, D.C.; and
      iii. the Central Office of the Federal Bureau of Prisons in Washington, D.C.

   b.   Service upon the FMC-Lexington Utilization Committee shall be made by sending a Service Packet by certified or registered mail to:
      i.   the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky; and
      ii.  the Office of the Attorney General of the United States in Washington, D.C.; and
      iii. the Central Office of the Federal Bureau of Prisons in Washington, D.C.

5. The Lexington Deputy Clerk shall hand-deliver the Service Packet for each identified Defendant to the USM Office in Lexington, Kentucky and shall obtain a delivery receipt from the USM Office. The Deputy Clerk shall enter the delivery receipt into the record and note in the docket the date that the Service Packet was delivered to the USM Office.

6. The USM Office shall serve a Service Packet upon each identified Defendant in the manner described in Step 4 above. The USM Office is responsible for ensuring that each Defendant is successfully served with process. In the event that an attempt at service upon a Defendant is unsuccessful, the USM Office shall make further attempts and shall ascertain such information as is necessary to ensure successful service.

7. Within 40 days of the date of entry of this Order, the USM Office shall send a Service Report to the Clerk's Office, which the Deputy Clerk shall file in the record, which states whether service has been accomplished with respect to each identified Defendant.

   a. For each Defendant to be served by certified mail, the Service Report shall include:
      i. a copy of the green card showing proof of service; or
      ii. a statement that the green card was not returned from the U.S. Postmaster, along with a "Track-and-Confirm" report from the U.S. Postal Service showing that a proof of delivery does not exist.

   b. For each Defendant to be personally served, the Service Report shall indicate:
      i. that the Defendant was successfully served personally, or
      ii. a statement explaining what efforts are being taken to locate the Defendant and accomplish personal service.

8. The Plaintiff shall immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**.

9. The Plaintiff must communicate with the Court *solely* through notices or motions filed with the Lexington Clerk's Office. ***The Court will disregard correspondence sent directly to the***

*judge's chambers.*

      10.     With every notice or motion filed with the Court, the Plaintiff *must*:

           a.     mail a copy to each Defendant (or his or her attorney); and

           b.     at the end of the notice or motion, certify that he has mailed a copy to each Defendant (or his or her attorney) and the date on which this was done. ***The Court will disregard any notice or motion which does not include this certification.***

Dated this 26th day of March, 2009.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge